FILED
2012 Jul-13  AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| SIMONA CANNON, administratrix of the Estate of Andrew Moreland, Jr., ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:12-CV- 02378-WMA |
| v. ) ) | |
| MODULAR TRANSPORTATION, COMPANY ) And ROBERT D. PHINIZEE, ) ) | |
| Defendants. ) | |

## MOTION TO INTERVENE OR IN THE ALTERNATIVE MOTION TO STAY

Comes Now, Consuella Griffin, as mother and custodial parent to Alliyah Moreland, Andrew Moreland, III and Cameron Moreland, the natural children of Andrew Moreland, Jr., and by and through their counsel and pursuant to Rule 24 of the *Federal Rules of Civil Procedure,* hereby file this Motion to Intervene for the purposes of taking part in discovery and protecting the interests of the above referenced natural children of Andrew Moreland, Jr., deceased or in the alternative stay said action pending determination by the Probate Court of Jefferson County as to the proper parties to bring said lawsuit.  In support of their Motion state as follows:

1. Andrew Moreland, Jr. died on June 11, 2012 from injuries sustained in an automobile accident involving the above Defendants Modular Tranportation Company and Robert D. Phinizee .

2. On June 18, 2012, the Plaintiff Simona Cannon filed a Petition for Letters of Administration in the Estate of Andrew Moreland, Jr. in the Probate Court of Jefferson County, Alabama and was granted Letters of Administration.

3. In said Petition, Simona Cannon claimed to be the widow of Andrew Moreland, Jr., which she is not.

4. On June 19, 2012, Simona Cannon filed a Complaint as Administrator of the Estate of Andrew Moreland, Jr. against the Defendants in the Circuit Court of Jefferson County, Alabama, a copy of which is attached as Exhibit "A."

5. On June 20, 2012, the above referenced Consuella Griffin, in her capacity as mother and next friend of Alliyah Moreland, filed a <u>Verified Petition for Removal of Administrator</u> in the Probate Court of Jefferson County, Alabama.

6. In said Petition, the Petitioner seeks the removal of Simona Cannon as administrator, as Ms. Cannon does not have priority under the law and furthermore is not a suitable person to have charge and control of the estate. (See Exhibit "B" without Exhibits).

7. A hearing is set before the Honorable Alan King, Probate Judge of Jefferson County, Alabama on August 16, 2012 at 9:00 a.m.

8. On July 3, 2012, the underlying death case filed on June 19, 2012 was removed to this Honorable Court from the Circuit Court of Jefferson County, Alabama as a matter of diversity.

9. Rule 24(a) of the *Federal Rules of Civil Procedure* states intervention as a matter of right exists:

> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

10. Should the Applicants prevail in removing Simona Cannon as the administrator of the Estate of Andrew Moreland, Jr. and the proper party and/or parties are determined to be substituted as Plaintiffs in this action, these parties would be prejudiced in having not participated in discovery up until that point.

11. In the alternative, the Applicants request this Honorable Court stay said action pending determination by the Probate Court of Jefferson County, as to the proper party to administer the estate and thereby determine who should be the proper Plaintiffs.

12. Furthermore, a stay in this action would be beneficial pending the determination of the Probate Court of Jefferson County, Alabama, as it would have an effect on the correct party Plaintiffs and would be highly prejudicial should the proper parties not be in place during the discovery process of this case, settlement negotiations or any other proceedings.

13. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Clinton v. Jones*, 520 U.S. 681, 706-08 (U.S. Supreme Court 1997).

14. Furthermore, "A court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Kashi v. Gratsos,* 790 F. 2d 1050, 1057 (2d Cir. 1986).

15. The Applicants not only have an interest in the prosecution of this matter as  legal heirs with priority to bring this lawsuit, but also have a vested interest in

protecting the assets of the estate including those that may be recovered in this lawsuit as it is their right to the entire estate as a matter of law.

WHEREFORE PREMISES CONSIDERED, the above referenced parties respectfully request this Honorable Court to enter an Order granting their Motion to Intervene for the purposes of taking part in discovery and protecting the interests of the above referenced natural children of Andrew Moreland, Jr., deceased or in the alternative stay said action pending determination by the Probate Court of Jefferson County as to the proper parties to bring said lawsuit.

s/ Rachel C. Buck
Rachel C. Buck (BUC027)
Attorneys for Plaintiff

**OF COUNSEL**:
FRANK S. BUCK, P.C.
2160 14th Ave. South
Birmingham, AL 35205
(205) 933-7533

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 13th day of July, 2012, served a copy of the foregoing upon all counsel of record, by using ALAFILE, the CM/ECF system, facsimile, hand delivery and/or by placing a copy of the same in the United States mail, first class postage prepaid to the following:

Frank Farish
Timothy S. Holdefer
Law Offices of Frank R. Farish
1117 North 21st Street
Birmingham, Alabama 35234

Brett A. Ross
Chad A. Godwin
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

s/ Rachel C. Buck
Of Counsel

ELECTRONICALLY FILED
6/19/2012 4:30 PM
CV-2012-901918.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SIMONA CANNON, administratrix of)
the Estate of Andrew Moreland, Jr.,  )
   )
     PLAINTIFF    )
   )
vs   )
   )
MODULAR TRANSPORTATION  )
COMPANY, ROBERT D. PHINIZEE, )
JOHN DOE, ABC, whether singular or )
plural; the person, firm, corporation or )
partnership who was the owning entity )
of the vehicle that collided with the )
plaintiff's vehicle on the occasion made )
the basis of this suit; DEF, whether )
singular or plural; the person, firm, )
corporation or partnership upon whose )
business and purpose the vehicle  )
operated by ROBERT D. PHINIZEE, )
JOHN DOE, ABC, DEF, and other )
named and referred to Defendants were )
on, on the occasion made the basis of )
this suit; GHI, whether singular or )
plural; the person, firm, corporation or )
partnership, the individual who was )
employed by the Defendant,  )
MODULAR TRANSPORTATION  )
COMPANY, and/or acting as their agent)
or on their behalf that failed to  )
adequately train, supervise, or instruct )
the driver, ROBERT D. PHINIZEE, JOE)
DOE, ABC, DEF, GHI, and other )
named and referred to Defendants were )
on, on the occasion made the basis of this)
suit; JKL, whether singular or plural; the )
person, firm, corporation or partnership, )
that was that resident of Alabama for )
which the cargo and/or freight and/or )
goods or merchandise that was  )
contained in the trailer and/or vehicle )
owned and being operated on behalf )
of MODULAR TRANSPORTATION )



PLAINTIFF'S
EXHIBIT

A

COMPANY, and being driven by )
ROBERT D. PHINIZEE, JOHN DOE, )
ABC, DEF, GHI, JKL; MNO, whether )
singular or plural; the person, firm, )
corporation or partnership that owned )
or was that designee or consignee )
for which the said cargo, and/or freight )
and/or goods or merchandise was to be )
delivered or consigned on the occasion )
made the basis of this suit; PQR, )
whether singular or plural; the person, )
firm, corporation or partnership, that )
was that dispatcher, terminal agent, )
employee and/or manager thought to be )
an Alabama resident that failed to )
adequately instruct and direct ROBERT )
D. PHINIZEE, JOHN DOE, ABC, DEF, )
GHI, JKL, MNO, as to the correct )
route for the said vehicle and driver on )
the occasion made the basis of this suit, )
which caused, allowed or contributed to )
a change in direction or the necessity of )
an alternate route to be attempted or )
taken by ROBERT D. PHINIZEE, )
JOHN DOE, ABC, DEF, )
GHI, JKL, MNO, PQR and all other )
named and referred to Defendants on )
the occasion made the basis of this suit; )
all whose names are otherwise )
unknown, but will be added by )
amendment when so ascertained, )

      DEFENDANTS.

## COMPLAINT

1.  Plaintiff, Simona Cannon, is an adult resident citizen of Jefferson
    County, Alabama duly appointed by the Probate Court of Jefferson
    County as the adminstratrix of the Estate of Andrew Moreland, Jr., a
    deceased person. Defendants, Modular Transportation Company, is
    thought to be a foreign corporation doing business in Jefferson County

and other counties of Alabama, as a public carrier and/or public conveyance and/or a commercial trucking entity. Defendants, JKL, MNO and PQR are thought to be resident individuals or business entities and residents of the State of Alabama, the other Defendants, John Doe, ABC, DEF, GHI, and others that are only fictitiously referred to in the body of the style of this Complaint, have unknown legal identities and classifications but will be properly referred to by amendment when more particular and specific information regarding them is so ascertained.

2. On or about the 11th day of June, 2012, at, near, or in the proximity of Pinson Valley Parkway and its intersection with Valley East Industrial Drive, both public streets and roadways within Jefferson County, Alabama, the Plaintiff's decedent was operating a vehicle and at that same time and occasion named and fictitious Defendants, Modular Transportation Company, Robert D. Phinizee, John Doe, ABC, DEF, GHI, JKL, MNO, and PQR were owned, operating, directing and/or dispatching a vehicle and the said Defendants vehicle was caused or allowed to collide with the said Plaintiff's vehicle.

3. Plaintiff avers and alleges that on that said date and occasion that the named and fictitious Defendants, Modular Transportation Company, Robert D. Phinizee, John Doe, ABC, DEF, GHI, JKL, MNO and PQR were negligent, reckless and wanton, which was the proximate cause of the aforesaid collision between the two said vehicles.

4. Plaintiff avers and alleges that as a proximate cause of the aforesaid collision and the negligence, recklessness and wantonness of the Defendants, Modular Transportation Company, Robert D. Phinizee, John Doe, ABC, DEF, GHI, JKL, MNO that the Plaintiff's decedent was

caused to be severely injured, which led to the death of Plaintiff's
decedent.

5. Plaintiff avers and alleges that the cause of the aforesaid collision and
the death of Plaintiff's decedent was all proximately caused by the
negligence, recklessness and wantonness of the Defendants, Modular
Transportation Company, Robert D. Phinizee, John Doe, ABC, DEF,
GHI, JKL, MNO and PQR.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against
the named and fictitious Defendants, Modular Transportation Company, Robert
D. Phinizee, John Doe, ABC, DEF, GHI, JKL, MNO, and PQR for an amount that
the jury would deem proper and fair under the circumstances.

### JURY DEMAND REQUESTED

Attorney for Plaintiff,

By:   s/ Frank R. Farish
Frank R. Farish (FAR008)
s/ Timothy S. Holdefer
Timothy S. Holdefer (HOL080)
1117 Twenty First Street North
Birmingham, Alabama 35234
Telephone: (205) 324-4065
Facsimile:  (205) 324-8285

PLAINTIFF'S ADDRESS:
c/o Frank Farish & Timothy S. Holdefer
Law Offices of Frank R. Farish
1117 North 21st Street
Birmingham, Alabama 35234

SERVE DEFENDANT:
Modular Transportation Company
393 Main Street

Wyoming, MI 49548

Robert D. Phinizee
468 Porter Road
Columbus, MS 39701

PLAINTIFF'S
EXHIBIT

B

COPY

FILED IN OFFICE
PROBATE COURT

JUN 2 0 2012

IN THE MATTER OF THE ESTATE OF      )      PROBATE COURT

ANDREW MORELAND, Jr. Deceased      )      JEFFERSON COUNTY ALABAMA

                                             )      CASE NO.: <u>215642</u>

### VERIFIED PETITION FOR REMOVAL OF ADMINISTRATOR

Comes Now, Consuella Griffin, in her capacity as mother and next friend of Aaliyah Moreland, a minor and next kin of the decedent and respectfully shows the Court the following facts:

1.      On June 19, 2012, Simona Cannon was granted Letters of Administration in the above referenced Estate claiming to have been the widow of Andrew Moreland, Jr.

2.      Based on the knowledge and belief, Simona Cannon is not the widow of Andrew Moreland, Jr. nor was she ever married to Andrew Moreland, Jr.  Therefore, Simona Cannon does not have priority to serve as administrator to the Estate of Andrew Moreland, Jr. as stated in Ala. Code §43-2-42.

3.      There are three children who are the heirs of the decedent Andrew Moreland, Jr. Andrew Mooreland, III, who is over the age of 19, Cameron Moorland, who is over the age of 19, and Aaliyah Mooreland, a minor.  Therefore, Simona Cannon should be removed as the administrator of this Estate.

4.      According to Ala. Code §43-2-290(1):

*An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:*

*(1) Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.*

5.      Without waiving petitioner's claim that Simona Cannon does not have priority, the petitioner avers and alleges that Simona Cannon "is not a suitable person to have charge and control of the estate.

6.      A review of public records and based upon knowledge and belief regarding Simona Cannon a/k/a Simona McMullin, as well as other names with the same address/addresses and date of birth it is factual that this person has filed bankruptcy on five occasions, four of which were filed since 2005. (See attached Ex. A.)

7.      Ms. Cannon was sued for possession of foreclosed property in 2008, <u>U.S. Bank National Association v Simona Francine Cannon, CV-2008-903308, Circuit Court of Jefferson County, Alabama.</u> (See attached, Ex. B.) A lawsuit, <u>RCS Recovery</u>

Services, LLC v Simona Cannon, CV-2012-900723, Jefferson County, Alabama is currently pending making claims in the amount of $30,438.38. The plaintiff is currently seeking service of Ms. Cannon. (See attached, Ex. C.)

8.      Ms. Cannon pleaded guilty to a reduced charge from Receiving Stolen Property 1St., 13A-008-017, Code of Alabama, 1975, a felony  to 13A-008-011(A)1, Code of Alabama, 1975, a Class A Misdemeanor and received a 12 month sentence (suspended) with Probation. (See attached, Ex. D.)

9.      Also attached are case details from Jefferson County, Alabama attributable to Simona Cannon a/k/a Simona McMullin in matters of collection for debts as well as criminal and traffic offenses. (See attached, Ex. E.)

**WHEREFORE,**  Consuella Griffin, in her capacity as mother and next friend of Aaliyah Moreland, a minor and heir of the decedent respectfully asks this Court to remove Simona Cannon as the administrator of this Estate in accordance with Ala. Code §43-2-42 as not having priority or in the alternative in accordance with Ala. Code §43-2-290(1) as not being fit to be administrator.

Attorneys for Petitioner:

Frank S. Buck
Rachel C. Buck
Frank S. Buck, P.C.
D. Dirk Thomas
2160 14th Avenue South
Birmingham, AL 35205

Signature of Petitioner
Consuella Griffin, as mother and next friend of Aaliyah Moreland

Sworn to and subscribed before me this 20th day of June, 2012.

Notary Public in and for the State of Alabama at Large

## BENCH NOTE

Filed in the Probate Court of Jefferson County, Alabama, prayer granted and petition ordered recorded this the _____ day of _____, 2012.

_____
JUDGE OF PROBATE

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of June, 2012 served a copy of the foregoing upon all counsel of record, by hand delivery to the following:

Frank R. Farish
Law Offices of Frank R. Farish
1117 21st Street North
Birmingham, AL 35234

Of Counsel