FILED
 2014 Mar-03  PM 04:32
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

CONSUELLA GRIFFIN, as mother }
and next friend of Aaliyah }
Moreland, a minor and natural }
child of Andrew Moreland, } Case No. 2:12-CV-2378-WMA
Jr., deceased, }
 }
    Plaintiff, }
 }
 }
MODULAR TRANSPORTATION }
COMPANY and ROBERT D. }
PHINIZEE, }
 }
    Defendants. }

## MEMORANDUM OPINION AND ORDER

    Simona Cannon instituted the present wrongful death action as administrator of the estate of Andrew Moreland, Jr., deceased, in the Circuit Court of Jefferson County, Case No. CV 2012-901918. After the case was removed to this court, Consuella Griffin replaced Simona Cannon as plaintiff and as the administrator of Moreland's estate. Moreland died in a collision between his car and a tractor trailer driven by defendant, Robert D. Phinizee ("Phinizee") and owned by his employer, defendant, Modular Transportation Company ("Modular"). The complaint charges that decedent was killed by the negligence, recklessness, and wantonness of defendants. Defendants move for partial summary judgment on plaintiff's claim of wantonness.

Both plaintiff and defendants miss the point and therefore have wasted a lot of their time and the court's time. They apparently do not understand the liability theory for pursuing a wrongful death claim in Alabama. Under Alabama's unique Homicide Act, there is no reason for an adjudication, whether under Rule 56, or otherwise, as to whether Phinizee's conduct, which admittedly was in the line and scope of his employment for Modular, was an act of negligence, or an act of recklessness, or an act of wantonness, or can properly be characterized as within all three of these categories. In a wrongful death case in Alabama, such an inquiry is unnecessary. It makes no difference, because the only damages that can be recovered are punitive and are to be assessed against a defendant on the basis of what sum of money is necessary to accomplish the purposes of punishment and deterrence. Compensatory damages are not recoverable. *Baroco v. Araserv, Inc.*, 621 F.2d 189 (5th Cir. 1980). The only inquiry, then, is into the degree of culpability, or the egregiousness of the conduct complained of, and not what category the conduct might fall into if the general law of torts were being applied.

Defendants' motion for partial summary judgment makes no sense and is therefore DENIED as MOOT.

Discovery having been completed and the deadline for filing dispositive motions having passed, the case is hereby SET for pretrial conference **at 10:30 a.m, March 19, 2014,** in accordance with the attached pretrial instructions unless before that time the

parties jointly move for mediation in accordance with the court's ADR rules.

DONE this 3rd day of March, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE