IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CONSUELLA GRIFFIN, as }
administratrix and personal }
representative of the estate }
of Andrew Moreland, Jr., }   Case No. 2:12-CV-2378-WMA
deceased, }
 }
      Plaintiff, }
 }
MODULAR TRANSPORTATION }
COMPANY and ROBERT D. }
PHINIZEE, }
 }
      Defendants. }

## MEMORANDUM OPINION

The above-entitled case, under a former but erroneous caption, was set on May 29, 2014, for a *pro ami* hearing to determine whether a proposed settlement arrived at during mediation is adequate and fair insofar as it would provide relief to Aaliyah Moreland, the minor daughter of Andrew Moreland, Jr., deceased. Present at the hearing were the following persons:

1.   Consuella Griffin, who is the administratrix and personal representative of the estate of Andrew Moreland, Jr., deceased. A copy of her letters of administration is attached hereto as Exhibit "A". She is also the statutory trustee over any proceeds to which the heirs of Andrew Moreland, Jr. are entitled under the laws of Alabama for his wrongful death. Lastly, Consuella Griffin is the mother and next friend of Aaliyah Moreland, a minor.

2.   Aaliyah Moreland, a minor, and one of the heirs of Andrew Moreland, Jr.

3.   Frank S. Buck, Esq., counsel for Consuella Griffin and all persons who are distributees of the estate of Andrew Moreland, Jr. under the Wrongful Death Statute of Alabama.

4.   D. Dirk Thomas, Esq., counsel for Consuella Griffin and all persons who are distributees of the estate of Andrew Moreland, Jr. under the Wrongful Death Statute of Alabama.

5.   Kristi A. Driskill, Esq., counsel for defendants, Modular Transportation Company and Robert D. Phinizee, and their liability insurance carrier, Granite State Insurance Company.

6.   Michael G. Green, II, Esq., guardian *ad litem* for Aaliyah Moreland, a minor.

Counsel for plaintiff presented to the court a proposed settlement order, a copy of which is attached hereto as Exhibit "B". This proposed order employs the style that was used by the court in the case from January 24, 2013, until today. That style erroneously reflected Consuella Griffin, as mother and next friend of Aaliyah Moreland, a minor and natural child of Andrew Moreland, Jr., deceased, as the only plaintiff. During the *pro ami* hearing, it became apparent to the court and to the parties that the only proper plaintiff was and is Consuella Griffin in her capacity as administratrix and personal representative of the estate of Andrew Moreland, Jr., deceased. In that capacity, as well as in her separate capacity as mother and next friend of Aaliyah Moreland, she and her counsel engaged in the mediation that led to the

proposed settlement now before the court. The two distributees besides Aaliyah Moreland, namely, Andrew Moreland, III, and Cameron Moreland, are both adults, and, as stated above, are represented by the same counsel who appear for Consuella Griffin in her various capacities.

Because there would be no purpose served in formally amending the pleadings so as to set up procedures for delineating the issues that were addressed by the mediator, and that were fully explored at the *pro ami* hearing, the court, with the consent and concurrence of all concerned, including the guardian *ad litem* for Aaliyah Moreland, hereby AMENDS the style of the case to reflect that the sole plaintiff is Consuella Griffin, as administratrix and personal representative of the estate of Andrew Moreland, Jr., deceased.

On June 3, 2014, Aaliyah Moreland, by and through her guardian *ad litem*, filed a motion consenting to the proposed settlement, containing a cost bill that included a requested guardian *ad litem* fee, and seeking to preclude public access to the terms of this settlement insofar as it relates to Aaliyah Moreland. No party has objected to the said petition filed by the guardian *ad litem*, which is due to be, and will be, separately granted as part of the final judgment.

Finding that the proposed settlement, as properly understood, is fair and reasonable insofar as Aaliyah Moreland is concerned, and that it is in her best interest, and being satisfied that the

representations of fact and the conclusions reached therein in the proposed settlement order are true, correct, and proper, they are hereby ADOPTED and incorporated herein as the findings and conclusions of the court.

DONE this 4th day of June, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

## LETTERS OF ADMINISTRATION

IN THE MATTER OF THE ESTATE OF:        IN THE PROBATE COURT OF
                                       JEFFERSON COUNTY, ALABAMA
**ANDREW MORELAND, JR.**                CASE NO. 2012-215642
   Deceased

### SUCCESSOR LETTERS OF ADMINISTRATION

Letter of Administration on the above-named deceased are hereby granted to **CONSUELLA GRIFFIN** who has duly qualified and given bond in the amount $ **10,000.00** as such Personal Representative, and is authorized to administer such estate. Subject to the priorities stated in §43-8-76, Code of Alabama (1975, as amended), the said Personal Representative, acting prudently for the benefit of interested persons, has all the powers authorized in transactions under §43-2-843, Code of Alabama (1975, as amended).

**WITNESS** my hand this date, the **16TH day of January, 2013**.

_____
Judge of Probate

I, S.J. Rhodes, Chief Clerk of Probate Court of Jefferson County, Alabama, hereby certify that the foregoing is a true, correct and full copy of the **Letters of Administration** issued in the above-styled cause as appears of record in said Court. I further certify that said Letters are still in full force and effect.

**WITNESS** my hand and seal of said Court this date, the **16th day of January, 2013.**

_____
Chief Clerk

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CONSUELLA GRIFFIN, as mother and next friend of Aaliyah Moreland, a minor and natural child of Andrew Moreland, Jr., deceased,<br><br>    Plaintiff,<br><br>v.<br><br>MODULAR TRANSPORTATION COMPANY and ROBERT D. PHINIZEE,<br><br>    Defendants. | Civil Action No.<br>2:12-cv-2378-WMA |

## PROPOSED SETTLEMENT ORDER

This matter, having been brought to the attention of the Court on a proposed settlement of the claim of Plaintiff Consuella Griffin against Defendants Modular Transportation Company and Robert D. Phinizee, and this Court having heard the details of the proposed settlement, hereby enters the following order:

1. The parties are represented before this Court by their attorneys of record.

2. Aaliyah Moreland is under the age of 19 years and is the natural child of Andrew Moreland, Jr., deceased. Andrew Moreland, Jr. was killed in an accident involving a vehicle owned by Defendant Modular Transportation

Exhibit "B"

Company, and operated by Defendant Robert Phinizee.

3. The Court has been informed that Consuella Griffin, as Representative and Administrator of Andrew Moreland's Estate, has negotiated a proposed settlement of the claims for the death of Andrew Moreland, Jr. in the amount of One Million Two Hundred Fifty Thousand and 00/100 Dollars ($1,250,000.00). Of the total settlement amount of $1,250,000.00, $990,665.47 shall be paid by Defendants immediately at the time of settlement, while Granite State Insurance Company ("Insurer"), on behalf of the Defendants, will pay or cause to be paid, the following future periodic payments, which have a present value of $259,334.53. A detailed description of these periodic payments is provided in **Exhibit 1** to this Order.

4. The Honorable Court has appointed Michael G. Green as Guardian Ad Litem for Aaliyah Moreland. Mr. Green has reviewed the proposed settlement and has represented that he is satisfied that the settlement is in the best interests of Aaliyah Moreland.

5. The Court is aware that Conseulla Griffin, as mother and next friend of Aaliyah Moreland and as personal representative and statutory trustee of wrongful death proceeds for the heirs of Andrew Moreland, Jr., deceased, has approved of this settlement and reached a compromise settlement agreement, the full terms of which shall be set forth in the parties' release.

6. The Court also understands that all settlement proceeds will be

disbursed in accordance with the Alabama Wrongful Death Statute, §6-5-410, Code of Alabama, 1975. The settlement will be disbursed to Plaintiffs attorney Frank S. Buck, P.C. and Consuella Griffin, as mother and next friend of Aaliyah Moreland and as personal representative and statutory trustee of wrongful death proceeds for the heirs of Andrew Moreland, Jr., deceased.

7. Based on the foregoing considerations, the Court is of the considered opinion that the settlement of the Plaintiff's claims, as described above, are in the best interest of the minor child, Aaliyah Moreland, and should be approved.

8. The Court awards a fee to the Guardian Ad Litem in the amount of $_____.

DONE AND ORDERED this the 29th day of May, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

cc: All Attorneys of Record

**Exhibit 1**
Description of Periodic Payments

By way of this settlement, and in addition to payments made immediately at the time of settlement, Granite State Insurance Company ("Insurer") has offered to pay or cause to be paid the following future periodic payments, which have a present value of $259,334.53, made according to the schedule as follows ("Periodic Payments"):

To Aaliyah Moreland ("Payee"):

$2,000.00 payable monthly, guaranteed 7 years, beginning on 03/15/2019, at age 19, with the last guaranteed payment on 02/15/2026.

$25,000.00 guaranteed lump sum paid on 03/15/2019, at age 19.

$10,000.00 payable annually, guaranteed 5 years, beginning on 03/15/2020, at age 20, with the last guaranteed payment on 03/15/2024, at age 24.

$41,000.00 guaranteed lump sum paid on 03/15/2025, at age 25.

$45,782.49 guaranteed lump sum paid on 03/15/2026, at age 26.

All such aforementioned guaranteed Periodic Payments are guaranteed whether or not the Payee survives the payment schedule. All sums set forth herein constitute damages on account of personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

The obligation to make periodic payments described herein shall be assigned to Pacific Life & Annuity Services, Inc. ("Assignee"), and funded by an annuity contract issued by Pacific Life Insurance Company ("Annuity Issuer").

Insurer will issue a check in the amount of $259,334.53 payable to Pacific Life & Annuity Services, Inc. ("Assignee"), tax identification number 91-2025652, to fund the purchase of the Periodic Payments and to execute the Qualified Assignment document as required by the Annuity Issuer to issue policy.

Any guaranteed payments to be made after the death of the Payee shall be made to Estate of the Payee. Upon the age of majority, Payee may submit a change of beneficiary to the Assignee. The designation must be in a form acceptable to the Assignee.